UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN NAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04422-TWP-MJD |
| | ) | |
| DASHAN ZATECKY in his personal capacity, | ) | |
| DUANE ALSIP in his personal capacity, | ) | |
| JEFFREY KING in his personal capacity, | ) | |
| HERBERT DUNCAN in his personal capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening and Dismissing Complaint
and Directing Further Proceedings**

Plaintiff John Naylor, an Indiana inmate incarcerated at the Pendleton Correctional

Facility, filed this 42 U.S.C. § 1983 action on November 29, 2017. *In forma pauperis* status was

granted and on January 5, 2018, an initial partial filing fee was paid. The complaint is now subject

to screening pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

Because plaintiff is a prisoner, the complaint is subject to the screening requirements of

28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within

a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To

satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint

must provide a "short and plain statement of the claim showing that the pleader is entitled to relief,"

which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson*

*v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Plaintiff's Complaint

A.  Assertions in the complaint

The complaint is twenty-two pages, with eighteen of them containing seventy-three handwritten, single-spaced, numbered paragraphs. The assertions begin with accusing defendants and another person of slandering Mr. Naylor with personal attacks. He asserts that defendants have portrayed him as an informant and created "a moving force . . . that lead to . . . security threats against his person and loss of legal work, materials, and property." Dkt. 1, p. 2, ¶ 2. Mr. Naylor goes on to assert that prison officials have failed to protect him, but he does not plead that he has been harmed, name anyone who has harmed him, or plead the circumstances of any harmful incident. *Id.* at ¶ 8.

Mr. Naylor goes on to assert that defendant King "falsely convicted" him, and that defendant Alsip denied him an appeal, thus taking good time from him without due process. *Id.* at ¶ 9. He later pleads that he received a rehearing on an A106 write-up, but that he had been denied

civil rights. *Id.* at ¶ 14. Mr. Naylor asserts that somewhere in this process he was denied his requested witnesses at a prison disciplinary hearing. *Id.* at ¶ 18. Other assertions are made that, in context, apply to prison disciplinary actions and an alleged lack of due process during the process. *See id.* at ¶¶ 21-27.

Mr. Naylor also asserts that he was kept from Christian Brotherhood services, several programs including substance abuse treatment and group therapy, contact visitation, regular commissary, showers, and "other normal incidents of prison life." *Id.* at ¶ 12. He asserts that he has lost property such as commissary items, electronics, and legal materials. The loss of the legal materials has impeded his access to the courts. *Id.* at ¶ 31.

The defendants should have, but did not, verify the reliability of confidential informants they used, Mr. Naylor claims. *Id.* at ¶¶ 34-35. He does not plead in what context the informants were used. Mr. Naylor then asserts that defendants King and Alsip "upheld a false conviction." *Id.* at ¶ 39.

The complaint then moves to a general discussion of Mr. Naylor's mental state, starting with trial court evaluations more than three years ago and asserting that segregated confinement may be cruel and unusual punishment for persons with weak coping mechanisms. *Id.* at ¶ 41.

In paragraph 47 of his complaint, Mr. Naylor complains that defendant Duncan and the Office of Internal Affairs works to ensure that he cannot file civil suits or criminal appeals. He contends they have used tactics such as transferring him between jails to keep their actions concealed. He provides no other information about this defendant or what court filings were obstructed.

Paragraph 52 summarizes Mr. Naylor's assertions that he was set up by other inmates for a false deadly weapon charge and robbed. He contends the defendants failed to address "the issue" at the facility level.

Mr. Naylor also summarily asserts that he has been denied access to religious services, *id.* at ¶ 54, that officials have an unconstitutional mail room policy that does not allow newspaper clippings to be mailed to inmates, *id.* at ¶ 55, and that there is a ban on downloading information from the internet. *Id.* at ¶ 56. He asserts that incoming mail, including legal mail, has been lost or confiscated. *Id.* at ¶ 58. Mr. Naylor also asserts that the defendants' running of the prison has caused him loss of sleep, high blood pressure, and exposure to welding fumes and toxic paint. *Id.* at ¶ 61.

B. Discussion

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Rule 10 provides that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances. A complaint must identify what legal injury has been suffered and what persons are responsible for each such legal injury. Mr. Naylor's complaint complies only with the numbered paragraph requirement; otherwise, the complaint is neither short nor plain, it does not show that Mr. Naylor is entitled to relief, and shows little connection with the named defendants and actual violations of civil rights.

Additionally, Rule 18 permits a plaintiff to bring in one lawsuit every claim he has against a single defendant. *Fed. R. Civ. P.* 18(a). However, to join multiple defendants in a single action, Rule 20 requires that the plaintiff assert at least one claim against all of them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of

law or fact common to all defendants will arise in the action." *Id*. 20(a)(2). Working together, these two rules mean that "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Consequently, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id*. Rule 20 applies as much to cases brought by prisoners as it does to any other case. *Id*.

Mr. Naylor's complaint violates Rules 18 and 20 insofar as it may advance unrelated claims against multiple defendants for various discrete episodes occurring over during his incarceration. Discerning "discrete episodes" is difficult because most all of Mr. Naylor's paragraphs are conclusory statements without factual allegations. Put differently, the complaint appears to represent Mr. Naylor's catalogue of everything that happened to him while incarcerated to which he takes exception. The *George* court instructed that such "buckshot complaints" should be "rejected." *Id*.

The complaint filed November 29, 2017, is therefore **dismissed** because it fails to state a claim upon which relief can be granted.

### III. Opportunity to File Amended Complaint

Mr. Naylor may have through **February 12, 2018**, in which to file an amended complaint that complies with the pleading rules of the Federal Rules of Civil Procedure. In particular, Mr. Naylor's amended complaint should state only related claims against related parties. An amended complaint will be subject to screening pursuant to 28 U.S.C. § 1915A.

The failure to file an amended complaint by this deadline will result in the dismissal of this action and entry of final judgment without further notice.

**IT IS SO ORDERED**.


Date: 1/10/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John Naylor
128761
Pendleton Correctional Facility
Inmate Mail/Parcels
Electronic Service Participant - Court only