UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN NAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04422-TWP-MJD |
| | ) | |
| DASHAN ZATECKY in his personal capacity, | ) | |
| DUANE ALSIP in his personal capacity, | ) | |
| JEFFREY KING in his personal capacity, | ) | |
| HERBERT DUNCAN in his personal capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Amended Complaint,
Directing Issuance and Service of Process,
and Denying Motion for Court Assistance and Motion to Appoint Counsel**

**I. Amended Complaint**

Plaintiff John Naylor's original complaint was dismissed on screening for failure to state a claim upon which relief can be granted. He was allowed through February 12, 2018, in which to file an amended complaint complying with the Federal Rules of Civil Procedure. Mr. Naylor has done so, and the amended complaint is now subject to screening pursuant to 28 U.S.C. § 1915A.

A. Legal Standard

Because Mr. Naylor is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson*

v. *Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B. Assertions in the Amended Complaint

Mr. Naylor's amended complaint names a single defendant, Herbert Duncan. Mr. Duncan is not otherwise identified, but giving the amended complaint a liberal construction, the Court infers that Mr. Duncan is an employee of the Indiana Department of Correction. Mr. Naylor asserts that Mr. Duncan has seized all of Mr. Naylor's legal materials and refuses to return them. As a result, Mr. Naylor has been harmed in his ability to handle several lawsuits and an appeal. He asserts that Mr. Duncan has confiscated and destroyed his legal work in an effort to ensure that Mr. Naylor's underlying criminal conviction is upheld.

C. Analysis

Mr. Naylor's claim is understood to be a claim that Mr. Duncan has interfered with his ability to access the courts. "Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (*citing*

*Bounds .v Smith*, 430 U.S. 817 (1977)). At the same time, however, prisoners do not have an "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, to prevail on an access-to-courts claim, a prisoner must "submit evidence that he suffered actual injury – i.e., that prison officials interfered with his legal materials – and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted). "[T]he very point of recognizing any access claim is to provide effective vindication for a separate and distinct right to seek judicial relief for some wrong. . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). In other words, "the mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction [or] sentence . . . has this right been denied." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). In this case, Mr. Naylor asserts he has been hampered in forming arguments, conducting discovery, and preparing for trial in several cases. He names the actions and provides the case numbers.

At the screening stage, these assertions are sufficient to allow the claim of interference with access to the courts to proceed. Mr. Naylor's claim against Mr. Duncan **shall proceed** on this claim.

The **clerk is directed** to update the docket to reflect Herbert Duncan as the only defendant, and terminate Dashan Zatecky, Duane Alsip, and Jeffrey King as defendants. The January 29, 2018, amended complaint, is the operative complaint in this action.

The access to the courts claim is the only viable claim and identified in the amended complaint. Should Mr. Naylor believe the Court has overlooked defendants or claims, he shall have through **March 2, 2018**, in which to notify the Court of omitted claims and/or defendants.

## II. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Herbert Duncan in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. 15, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

## III. Motion for Court Assistance

Mr. Naylor's January 29, 2018, motion for court assistance, dkt. [13], is **denied**. In this motion Mr. Naylor seeks an order directing the Department of Correction Office of Internal Affairs to return his legal materials. At the screening stage, Mr. Naylor's assertions are accepted as true and the complaint allowed to proceed. That does not mean that Mr. Naylor will prevail on his claims. Defendant has yet to answer and defend. Because the motion essentially seeks relief sought in this lawsuit, Mr. Naylor's motion seeks relief that is premature.

## IV. Motion for Assistance With Recruiting Counsel

The January 29, 2018, motion for assistance with recruiting counsel, dkt. [14], is denied without prejudice as **premature**. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

## V. Continuing Obligation to Update Address

Plaintiff is under a continuing obligation to report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed of a current mailing

address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

## VI. Conclusion

The amended complaint has been screened. A claim of interference with access to the courts **shall proceed** against defendant Herbert Duncan. The **clerk is directed** to update the docket to reflect Herbert Duncan as the only defendant. The motion for court assistance, dkt. [13], and motion for assistance with recruiting counsel, dkt. [14], are **denied**. Mr. Naylor shall have through March 2, 2018, in which to notify the Court of any omitted claims and/or defendants.

**IT IS SO ORDERED**.

Date: 1/31/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John Naylor
128761
Pendleton Correctional Facility
Electronic Service Participant – Court Only

Herbert Duncan
IDOC Employee
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064